# Supreme Court of Florida

_____

No. SC2024-1459

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.240.**

October 31, 2024

PER CURIAM.

In response to a request by the Chief Justice, the Commission on District Court of Appeal Performance and Accountability has submitted a report proposing additional rule factors to assist in the determination of judicial need and clarifications of existing rule language regarding the presumption of judicial need. *See In re Comm'n on Dist. Ct. of Appeal Performance & Accountability*, Fla. Admin. Order No. AOSC22-24 (July 12, 2022). As recommended by the Commission, we amend (on our own motion) Florida Rule of General Practice and Judicial Administration 2.240 (Determination of Need for Additional Judges).[1] The Court thanks the Commission

---

1. We have jurisdiction. Art. V, § 9, Fla. Const.

for its work and assistance.

Subdivision (b)(2)(A) of rule 2.240 provides certain factors that must be considered when determining whether to certify the need for increasing or decreasing the number of judges on a district court of appeal. Within the effectiveness factors, we now add consideration of the extent to which each judge has adequate time to stay informed of changes in the law and to use, as well as participate in the development of and training on, technology systems. And within the professionalism factors, we now add consideration of the extent to which judges have time to participate in appropriate community activities for purposes that include promoting public trust and confidence in the courts.

Next, we delete language in subdivision (b)(2)(B) to simplify and clarify the presumption of a need for an additional judgeship in any district court of appeal.

Finally, we adjust monetary amounts included in subdivision (b)(1)(A) to reflect the current county and circuit courts' civil jurisdiction. *See* § 34.01, Fla. Stat. (2024).

Rule 2.240 is amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are

indicated by struck-through type.  The amendments are effective immediately.  Because the amendments were not published for comment previously, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

---

2.  All comments must be filed with the Court on or before January 14, 2025, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.240.  DETERMINATION OF NEED FOR ADDITIONAL JUDGES**

**(a) Purpose.** The purpose of this rule is to set forth uniform criteria used by the supreme court in determining the need for additional judges, except supreme court justices, and the necessity for decreasing the number of judges, ~~pursuant to~~under article V, section 9, Florida Constitution. These criteria form the primary basis for the supreme court's determination of need for additional judges. Unforeseen developments, however, may have an impact ~~up~~on the judiciary resulting in needs which cannot be foreseen or predicted by statistical projections. The supreme court, therefore, may also consider any additional information found by it to be relevant to the process. In establishing criteria for the need for additional appellate court judges, substantial reliance has been placed on the findings and recommendations of the Commission on District Court of Appeal Performance and Accountability. *See In re Report of the Comm'n on Dist. Court of Appeal Performance and Accountability-Rule of Judicial Admin. 2.035*, 933 So. 2d 1136 (Fla. 2006).

**(b) Criteria.**

(1) *Trial Courts.*

(A) Assessment of judicial need at the trial court level is based primarily ~~up~~on the application of case weights to circuit and county court caseload statistics supplied to the Office of the State Courts Administrator by the clerks of the circuit courts, ~~pursuant to~~under rule 2.245, Florida Rules of General Practice and Judicial Administration. Such case weights provide a quantified measure of judicial time spent on case-related activity, translating judicial caseloads into judicial workload by factoring in the relative complexity by case type in the following manner:

(i) The circuit court case weights are applied to forecasted case filings, which include circuit criminal (includes

- 4 -

felony, drug court, and worthless check cases), circuit civil (includes matters involving claims of $3~~5~~0,000.01 and above), family (includes domestic relations, juvenile dependency, and juvenile delinquency cases), and probate (includes guardianship, mental health, and trust cases).

(ii) The county court case weights are applied to forecasted filings, which include county criminal (includes misdemeanor, violations of county and municipal ordinance, worthless check, driving under the influence, and other criminal traffic cases), and county civil (includes small claims, matters involving claims ranging from $8,000.01 to $3~~5~~0,000, landlord-tenant, and civil traffic infraction cases).

(B) Other factors may be ~~utilized~~used in the determination of the need for one or more additional judges. These factors include, but are not limited to, the following:

(i)-(x) [No Change]

(C) The Commission on Trial Court Performance and Accountability ~~shall~~must review the trial court workload trends and case weights and consider adjustments no less than every five years.

(2) *District Courts of Appeal.*

(A) The criteria for determining the need to certify the need for increasing or decreasing the number of judges on a district court of appeal ~~shall~~must include the following factors:

(i) [No Change]

(ii) efficiency factors to be considered include: a court's ability to stay current with its caseload, as indicated by measurements such as trend in clearance rate; trends in a court's percentage of cases disposed within the time standards set forth in the Rules of General Practice and Judicial Administration and explanation/justification for cases not resolved within the time

- 5 -

standards; and a court's ~~utilization~~use of resources, case management techniques and technologies to maximize the efficient adjudication of cases, research of legal issues, and preparation and distribution of decisions.

(iii) effectiveness factors to be considered include the extent to which each judge has adequate time to: stay informed of changes in the law; thoroughly research legal issues, review briefs and memoranda of law, participate in court conferences on pending cases, hear and dispose of motions, and prepare correspondence, orders, judgments and opinions; expedite appropriate cases; prepare written opinions when warranted; develop, clarify, and maintain consistency in the law within that district; review all decisions rendered by the court; use, as well as participate in the development of and training on, technology systems; perform administrative duties relating to the court; and participate in the administration of the justice system through work in statewide committees.

(iv) professionalism factors to be considered include: the extent to which judges report that they have time to participate, including teaching, in education programs designed to increase the competency and efficiency of the judiciary and justice system as well as the competency of lawyers; provide guidance and instruction for the professional development of court support staff; and participate in appropriate community activities and activities of the legal profession ~~at both the state and local levels~~ to improve the relationship between the bench and bar, to enhance lawyer professionalism, to promote public trust and confidence in the courts, and to improve the administration of justice.

(B) The court will presume that there is a need for an additional appellate court judgeship in any district for which a request is made and where the relative weight of cases disposed on the merits per judge ~~would have exceeded~~exceeds the weighted case disposition threshold ~~after application of the proposed additional judge(s)~~.

(i) The relative weight of cases disposed on the merits ~~shall~~must be determined based ~~upon~~ case disposition statistics supplied to the state courts administrator by the clerks of the district courts of appeal, multiplied by the relative case weights established ~~pursuant to~~under subdivision (b)(2)(B)(ii), and divided by 100.

(ii) The Commission on District Court of Appeal Performance and Accountability ~~shall~~must review the workload trends of the district courts of appeal and consider adjustments in the relative case weights and the weighted case disposition threshold every four years. Any such recommended adjustment ~~shall~~must be subject to the approval of the supreme court.

**(c)** [No Change]

**(d) Certification Process.** The process by which certification of the need to increase or decrease the number of judges ~~shall~~must include:

(1) [No Change]

(2) Each chief judge ~~shall~~must submit to the chief justice a request for any increase or decrease in the number of judges in accordance with the following:

(A) [No Change]

(B) District Courts. Each chief judge will then consider the criteria of this rule and the summary statistics; if a new judge is requested, the chief judge ~~shall~~must prepare a report showing the need for a new judge based ~~upon~~ the application of the criteria in this rule.

(i) Any request for a new district court judge ~~shall~~must be submitted to the District Court of Appeal Budget Commission for review and approval.

(ii) The chief judge of a district court of appeal ~~shall~~must submit the report showing the need together with the

approval of the District Court of Appeal Budget Commission to the chief justice.

(3)-(4) [No Change]

(5) The supreme court, in conjunction with the certification process under this rule, ~~shall~~<u>must</u> also consider the necessity for increasing, decreasing, or redefining appellate districts and judicial circuits as required by article V, section 9, of the Florida Constitution and as set forth in Florida Rule of General Practice and Judicial Administration 2.241.

**Court Commentary**

[No Change]